UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-21341-CIV-MARTINEZ-BECERRA**

SAMSUNG ELECTRONICS
LATINOAMERICA (ZONA LIBRE), S.A.,

      Petitioner,

v.

VA TECHNOSOLUTIONS AND SERVICES,
LLC,

      Respondent.

_____/

## ORDER ON MOTION FOR RECONSIDERATION AND MODIFICATION OF ORDER SETTING CIVIL TRIAL DATE

**THIS CAUSE** is before the Court on Petitioner Samsung Electronics Latinoamerica (Zone Libre), S.A. ("Samsung")'s Motion for Reconsideration and Modification of the Order Setting Civil Trial Date ("Motion for Reconsideration"). (ECF No. 25). Respondent opposes the relief requested. (*Id.* at 8). After careful consideration, the Court **GRANTS** Petitioner's Motion for Reconsideration.

This is an action to enforce an international arbitration award under the Inter-American Convention on International Commercial Arbitration, (opened for signature Jan. 30, 1975, O.A.S.T.S. No. 42, 1438 U.N.T.S. 245) ("Panama Convention"), and Chapter Three of the Federal Arbitration Act, 9 U.S.C., §§ 301 et seq. ("FAA") (implementing the Panama Convention). (*See* ECF No. 1).[1] On October 20, 2022, the Court issued its Order Setting Civil Trial Date and Pretrial

---

[1] While the arbitration at issue here is governed by the Panama Convention, "with respect to enforcement matters and interpretation, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330

Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge ("Scheduling Order"). (ECF No. 18). The Court's Scheduling Order sets this case for trial and provides for certain pretrial deadlines, including discovery. (*See id.*). Since filing the Scheduling Order, Respondent has sought to take the depositions of nine witnesses, including Petitioner's corporate representative. (Mot. at 2, ECF No. 25). Samsung now moves for the Court to reconsider its Scheduling Order, arguing that an action to enforce an international arbitration award is subject to limited judicial review and because these types of enforcement proceedings are often decided without discovery or even an evidentiary hearing. (Mot. at 4–5). Petitioner also points out that enforcement proceedings are exempt from initial disclosure and discovery planning requirements set forth in Federal Rule of Civil Procedure 26. (*Id.* at 7); *see also* Fed. R. Civ. P. 81(a)(6)(B).

An international arbitration award is "subject only to minimal standards of domestic judicial review." *See Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte Gmbh*, 141 F.3d 1434, 1440 (11th Cir. 1998) (citation omitted); *see also Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 613 F. Supp. 1362, 1366 (S.D. Fla. 2009) (noting that the Court's "review of a foreign arbitration award is quite circumscribed"). Indeed, "the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition of enforcement of the award specified in said Convention." 9 U.S.C. § 207; *see also* 9 U.S.C. § 302 (incorporating by reference 9 U.S.C. § 207 into the Panama Convention). To that end, enforcement proceedings, like this one, can be decided summarily, without discovery or an evidentiary hearing. *See O.R. Sec., Inc. v. Prof'l Planning Assocs.*, 857 F.2d 742, 746 (11th Cir. 12, 1988) (concluding that "district court did not

---

U.N.T.S. 38 (effective for the United States on Dec. 29, 1970), reprinted in 9 U.S.C. §§ 201-208, and the Panama Convention are substantially identical." *See Productos Roche S.A. v. Iutum Servs. Corp.*, No. 20-cv-20059, 2020 U.S. Dist. LEXIS 63639, at *3 (S.D. Fla. Apr. 9, 2020). Accordingly, "the case law interpreting provisions of the New York Convention are largely applicable to the Panama Convention and vice versa." *Id.*

err in conducting a summary procedure" on motion to vacate arbitration award); *Perez v. Cigna Health & Life Ins.*, No. 20-cv-12730, 2021 U.S. App. LEXIS 20633, at *3 n.5 (11th Cir. July 13, 2021) (noting that when a "party seeking to vacate an arbitration award has failed to allege sufficient evidence of a ground for vacating an arbitration award in its initial pleading, it is not an abuse of discretion for the district court to deny discovery and to deny an evidentiary hearing").

Without evaluating the merits of Samsung's Petition, the Court cannot determine whether discovery or an evidentiary hearing is necessary. Because the Court has referred the Petition to Judge Becerra, (ECF No. 23), the Court refers any determination as to necessity of discovery or an evidentiary hearing on the Petition to Judge Becerra to take all necessary and proper action pursuant to 28 U.S.C. § 636(b). To be clear, the Court's form Scheduling Order "does not compel or guarantee discovery." *See Grupo Unidos Por El Canal, S.A. v. Autoridad Del Canal De Pan.*, No. 20-cv-24867, 2021 U.S. Dist. LEXIS 236109, at *31 (S.D. Fla. Dec. 9, 2021) (denying request for discovery and an evidentiary hearing because movant failed to "allege sufficient evidence to vacate" the arbitration award, and rejecting movant's argument that they are entitled to discovery "because the Court entered a discovery order in this matter," noting that "the Court merely entered a form order that is entered in most civil cases," and that the form order "did not compel or guarantee discovery").

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1.      Defendant's Motion for Reconsideration, (ECF No. 25), is **GRANTED as stated herein**.

2.      Trial and Calendar Call are **CANCELLED**.

3.      The parties are not required to make initial disclosures, engage in a Rule 26(f) conference, or prepare a discovery plan. *See* Fed. R. Civ. 81(a)(6)(B).

4.      The parties are not entitled to engage in discovery unless it has been authorized by Judge Becerra.   The parties shall ensure that they comply with Judge Becerra's Discovery Procedures Order.

DONE AND ORDERED in Miami, Florida, this 21 day of November, 2022.

_____

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

4